# EXHIBIT A

1 | Joseph C. George, State Bar No. 119231
Joseph C. George, Jr., State Bar No. 200999
2 | THE LAW OFFICES OF
JOSEPH C. GEORGE, PH.D.
3 | A Professional Corporation
2431 Capitol Avenue
4 | Sacramento, California 95816
Telephone: 916-442-7100
5 | Facsimile: 916-442-7657
joe@psyclaw.com
6
Stewart Katz, State Bar No. 127425
7 | LAW OFFICE OF STEWART KATZ
555 University Avenue, Suite 270
8 | Sacramento, CA 95825
Telephone: 916-444-5678
9 | Facsimile: 916-444-3364
knvsback@earthlink.net
10
Attorneys for Plaintiffs
11

FILED
ENDORSED

12 JUN -1  PM 1: 55

LEGAL PROCESS #3

12

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

13

### FOR THE COUNTY OF SACRAMENTO

14

| | |
|---|---|
| LILLY MANNING, KENYATA MANNING, and NATASHA MANNING, | Case No.: 34-2012-00116565 |
| Plaintiffs, | FIRST AMENDED COMPLAINT FOR DAMAGES |
| v. | 1. Negligence Per Se
2. Negligent Infliction of Emotional Distress
3. Civil Rights Violations – 42 USC § 1983
4. Civil Rights Violations – 42 USC § 1985
5. Civil Rights Violations – 42 USC § 1986 |
| MIKE CROSBY, RACHEL LANE, MARY STRUHS, NATASHA JOHNSON, STEPHANIE WHITNEY-COOK, PAULINE TRACEY, LYNN TRACY, MSW, SACRAMENTO CITY UNIFIED SCHOOL DISTRICT, DEPARTMENT OF HEALTH AND HUMAN SERVICES, CHILD PROTECTIVE SERVICES, SACRAMENTO COUNTY and DOES 5 through 25, inclusive, | |
| Defendants. | |

1

## GENERAL ALLEGATIONS

2    1.    Plaintiff LILLY MANNING is a natural person who is a resident of the County of

3    Sacramento, State of California. Plaintiff's date of birth is January 10, 1992, and she was a minor

4    at all relevant times mentioned in this Complaint.

5    2.    Plaintiff KENYATA MANNING is a natural person who is a resident of the

6    County of Sacramento, State of California. Plaintiff's date of birth is April 6, 1993, and he was a

7    minor at all relevant times mentioned in this Complaint.

8    3.    Plaintiff NATASHA MANNING is a natural person who is a member of the

9    Armed Forces of the United States and currently stationed in Afghanistan. Plaintiff's date of birth

10    is April 3, 1989, and she was a minor at all relevant times mentioned in this Complaint. Plaintiff's

11    statue of limitations for the filing of this Complaint has been tolled due to the Soldiers and Sailors

12    Act.

13    4.    Defendant MIKE CROSBY was the vice principal at Hiram Johnson High School

14    at all relevant times in this Compliant, and is believed to be a resident of the County of

15    Sacramento, State of California.

16    5.    Defendant RACHEL LANE was the assistant principal at Hiram Johnson High

17    School at all relevant times in this Complaint, and is believed to be a resident of the County of

18    Sacramento, State of California.

19    6.    Defendant MARY STRUHS was the Head Start coordinator at Hiram Johnson

20    High School at all relevant times in this Complaint, and is believed to be a resident of the County

21    of Sacramento, State of California.

22    7.    Defendant NATASHA JOHNSON was the attendance clerk at Hiram Johnson

23    High School at all relevant times in this Complaint, and is believed to be a resident of the County

24    of Sacramento, State of California.

25    8.    Defendant STEPHANIE WHITNEY-COOK was a teacher at Hiram Johnson High

26    School at all relevant times in this Complaint, and is believed to be a resident of the County of

27    Sacramento, State of California.

28
---

Case 2:12-cv-01784-TLN-KJN   Document 2-1   Filed 07/05/12   Page 4 of 48

9.     Defendant PAULINE TRACEY was a nurse at Hiram Johnson High School at all relevant times in this Complaint, and is believed to be a resident of the County of Sacramento, State of California.

10.     Defendant LYNN TRACY, MSW was a social worker for the Sacramento County Department of Health and Human Services and a personal friend of Lillian Manning-Horvath at all relevant times in this Complaint, and is believed to be a resident of the County of Sacramento, State of California.

11.     Defendant SACRAMENTO CITY UNIFIED SCHOOL DISTRICT is a public entity.

12.     Defendant DEPARTMENT OF HEALTH AND HUMAN SERVICES is a public entity.

13.     Defendant CHILD PROTECTIVE SERVICES is a public entity.

14.     Defendant COUNTY OF SACRAMENTO is a public entity.

15.     Plaintiffs are ignorant of the true names and capacity of Defendants sued herein as DOES or of the factors linking them to the causes of action stated herein and therefore sues such Defendants by such fictitious names. Plaintiffs will amend their Complaint to allege the true names and capacities of DOES when ascertained. Plaintiffs are informed and believe and thereon allege that each of the DOE defendants are responsible in some manner for the events and happenings hereinafter referred to, thereby proximately causing injury and damage to the Plaintiffs as herein alleged.

16.     Plaintiffs are informed and believe and thereon alleges that at all times herein mentioned, Defendants and each of them, were the agents, servants, employee and/or joint venturers of their co-defendants and were, as such, acting within the scope, course and authority of said agency employment and/or joint venture and that each and every Defendant, as aforesaid, has ratified and approved of the acts of his or her agent.

17.     Plaintiffs Lilly, Kenyata, and Natasha were three of five biological brothers and sisters who were removed from their biological mother in or around 1995. The children were placed into the County of Sacramento foster care system. Ultimately, each child was adopted by

FIRST AMENDED COMPLAINT FOR DAMAGES
-3-

1  their great-aunt, Lillian Manning-Horvath, in or around 1995. When Lillian Manning-Horvath
2  adopted the children, she changed each child's birth name. Lilly's birth name was Rachel Cornist.
3  Kenyata's birth name was Dell Cornist, and Natasha's birth name was Sharelle Cornist.

4      18.    Following Plaintiffs' adoption by Lillian Manning-Horvath, Plaintiffs and siblings
5  were kept in a virtual prisoner of war camp where they were repeatedly, systematically and
6  sadistically beaten and tortured by their adoptive mother Lillian Manning-Horvath and her
7  husband Joseph Horvath. Plaintiffs received ongoing threats of additional beatings, torture, and
8  even death from Lillian Manning-Horvath and Joseph if Plaintiffs or any of Plaintiffs' siblings
9  ever disclosed to any outside source any of the details of concerning their beatings and torture.
10  Plaintiffs and siblings endured isolation from other people. Lillian Manning-Horvath and Joseph
11  Horvath stripped the Manning children of meaningful forms of independence in order to exert
12  maximum control over Plaintiffs' lives, including basic needs for survival. Plaintiffs were
13  understandably obedient. Nevertheless, actual signs of physical child abuse were observed by
14  adults outside the house, including by mandated reporters, and were not reported to Child
15  Protective Services by the mandated reporters.

16      19.    Mandated reporters employed by the Sacramento City Unified School District, who
17  had a reasonable suspicion of child abuse of Plaintiffs, or any of Plaintiffs' siblings, could have
18  taken action which would have resulted in the protection of Plaintiffs, had any Child Protective
19  Services mandated written report been filed as required by law. Unfortunately for Plaintiffs,
20  mandated written reports were not filed as articulated below.

21      20.    From September 2005 – June 2007 (exact days unknown), Defendant CROSBY,
22  who was the Hiram Johnson High School Vice Principal, was familiar with the Manning children,
23  including Plaintiffs Lilly Manning and Natasha Manning. Defendant CROSBY observed and
24  knew that Plaintiffs Lilly Manning, Natasha Manning, and Plaintiffs' sister Brianna Manning had
25  scratches on their face, neck and arms. In addition, Defendant CROSBY expressed that he "was
26  concerned about Lilly's scars and wondered if she was getting beat or cut at home." In addition,
27  Defendant CROSBY believed the way that the mother spoke to the children in front of him was
28  "concerning."

FIRST AMENDED COMPLAINT FOR DAMAGES
-4-

21.   At no time did Defendant CROSBY report a reasonable suspicion of child abuse to any Child Protective Agency, as required by CA Penal Code § 11165 et seq; *Landeros v. Flood* 17 Cal.3d 399 (1976).

22.   From September 2005 - June 2007 (exact days unknown), Defendant LANE, who was the Hiram Johnson High School Assistant Principal, observed multiple scratches on Plaintiff Lilly Manning's arms and face and discussed the issue with Defendant STRUHS, who was the Hiram Johnson High School Head Start Coordinator.

23.   At no time did Defendant LANE report a reasonable suspicion of child abuse to any Child Protective Agency, as required by CA Penal Code § 11165 et seq; *Landeros v. Flood* 17 Cal.3d 399 (1976).

24.   From September 2005 – June 2007 (exact days unknown), Defendant JOHNSON, who was the Hiram Johnson High School Attendance Clerk, was familiar Plaintiffs and knew that Plaintiffs had frequent absences from school.   Defendant JOHNSON observed and knew that Brianna Manning and Plaintiff Natasha Manning had multiple scratches on her face and neck.

25.   At no time did Defendant JOHNSON report a reasonable suspicion of child abuse to any Child Protective Agency, as required by CA Penal Code § 11165 et seq; *Landeros v. Flood* 17 Cal.3d 399 (1976).

26.   In November 2006 (exact day unknown), Defendant WHITNEY-COOK, who was a Hiram Johnson High School teacher, referred Plaintiff Lilly Manning to Defendant TRACEY, who was the Hiram Johnson High School Nurse, because of multiple scratches on Lilly's arms and face.

27.   At no time did Defendant WHITNEY-COOK report a reasonable suspicion of child abuse to any Child Protective Agency, as required by CA Penal Code § 11165 et seq; *Landeros v. Flood* 17 Cal.3d 399 (1976).

28.   In November 2006 (exact day unknown), Defendant TRACEY, who was the Hiram Johnson High School nurse, and Defendant STRUHS, who was the Hiram Johnson High School Head Start Coordinator, went to the Manning residence "to investigate" the multiple scratches on the minor child Plaintiff Lilly's arms and face.   A "home visit" was scheduled and therefore, the

1  adoptive mother Lillian Horvath-Manning knew the exact day and time of the "home visit."  As a

2  result, the adoptive mother Lillian Horvath-Manning cleaned the home and arranged for all of the

3  adopted children (Plaintiff Lilly, Plaintiff Kenyata, Plaintiff Natasha, Brianna, and Tyrek) to be

4  out of the home during Defendant TRACEY and Defendant STRUHS scheduled "home

5  inspection."  During the home inspection, only the adoptive mother Lillian Horvath-Manning and

6  "a small girl child were home."

7      29.     During the aforementioned "home inspection," adoptive mother Lillian Horvath-

8  Manning blamed the pet Chihuahua for the multiple scratches on Plaintiff Lilly's arms and face.

9  Defendant TRACEY and Defendant STRUHS accepted adoptive mother Lillian Horvath-

10 Manning's explanation and left the Manning residence.

11     30.     When interviewed by Sacramento Sheriff Deputy B.Shortz on or about November

12 27, 2007, Defendant TRACEY stated that there was no written record of their visit, but that

13 Defendant TRACEY had a "detailed recollection of the home visit."  On or about the same date,

14 Defendant STRUHS told Deputy B.Shortz, that Defendant STRUHS would call him with further

15 information after she checked her "notes" regarding the "home visit."

16     31.     At no time did Defendant TRACEY report a reasonable suspicion of child abuse to

17 any Child Protective Agency, as required by CA Penal Code § 11165 et seq; *Landeros v. Flood* 17

18 Cal.3d 399 (1976).

19     32.     At no time did Defendant STRUHS report a reasonable suspicion of child abuse to

20 any Child Protective Agency, as required by CA Penal Code § 11165 et seq; *Landeros v. Flood* 17

21 Cal.3d 399 (1976).

22     33.     Plaintiff Natasha Manning's statute of limitations for the filing of this Complaint

23 has been tolled due to the Soldiers and Sailors Action.  On or about June 16 2006, Plaintiff

24 Natasha Manning enlisted in the United States Army and has (without interruption) maintained

25 active duty status.  Plaintiff Natasha Manning is currently stationed in Afghanistan.  As a result,

26 pursuant to the Service members Civil Relief Act (SCRA), any and all Statutes of Limitation are

27 tolled during of Plaintiff Natasha Manning's military service.

28     34.     At least some of the wrongful acts mentioned herein occurred in Sacramento

1   County; therefore, venue is properly placed in Sacramento County.

2

3                              **FIRST CAUSE OF ACTION**
                                   **(Negligence Per Se)**
4

5       35.    Plaintiffs reallege and incorporate by reference as though fully set forth herein each

6   and every General Allegation, as if said allegations were fully set forth herein and with the same

7   force and effect.

8       36.    By engaging in the aforementioned negligent conduct and by failing to file a

9   written Child Protective Services report, Defendants violated various sections of the Penal Code,

10  including but not limited to sections 11166, *et seq.*  Defendants were mandated reporters pursuant

11  to the Child Abuse Reporting Act.  Further, said violations caused Plaintiffs harm more fully set

12  forth below.  Moreover, Plaintiffs were within the class of persons specifically designed to be

13  protected by the aforementioned code sections, and their injuries resulted from an occurrence of

14  the nature which the statute was designed to prevent.

15      37.    As a result of the foregoing conduct of Defendants, Plaintiffs were harmed as set

16  forth below.

17                             **SECOND CAUSE OF ACTION**
                          **(Negligent Infliction of Emotional Distress)**
18                        **(Against Defendant Lynn Tracy, MSW Only)**

19      38.    Plaintiffs reallege and incorporate by reference as though fully set forth herein each

20  and every General Allegation, as if said allegations were fully set forth herein and with the same

21  force and effect.

22      39.    On or about February 22, 1996, (pre-dates adoptive Mother Lillian Manning's

23  adoption of Plaintiffs), Lisa Conway, MSW, then employed with the Sacramento Child

24  Advocates, Inc. (SCA), authored a four page declaration describing her numerous concerns about

25  the Cornist case since her involvement (beginning in July 1995) and her frustration with DHHS'

26  failure to address those concerns.  Ms. Conway, MSW stated (in part):

27      "The minors' care taker, Ms. Manning has displayed a lack of insight regarding
        the special needs of these minors."   I was informed by one of the minors that the
28      caretaker utilized corporal punishment.  Ms. Manning becomes defensive when

concerns are raised, and has made statements about wanting to give the minors back to the Dept. because it is too much hassle now."

"Other concerns have been brought to my attention by personnel at F.C Joyce School.   REDACTED... school personnel reported their concerns about a suspicious mark on RECDACTED NAME'S face."

"I have made several attempts to discuss these concerns with DHHS. I have contacted or attempted to contact both the Long Term Placement social worker and the Family Intervention Team social worker on this case. I found DHHS resistant to share information about how these issues are being addressed. The concerns remain unresolved."

40.   The DHHS, Long Term Placement social worker for the Cornist children in February 1996, was Defendant TRACY. On or about June 18, 1997, Beryl BEAUFORD, MSW, who was a social worker for the Sacramento County Department of Health and Human Services, authored a "progress update on the counseling provided to the Manning / Cornist family" to Defendant TRACY at the Sacramento County DHHS. In that two-page progress update (which pre-dates adoptive Mother Lillian Manning's adoption of Plaintiffs and Plaintiffs' siblings), Beryl Beauford, MSW stated:

"Ms. Manning was disturbed by the above report and adamantly stated that she has not abused REDACTED NAME. She does not hit any of the children and has not done so since 1994 when she was using a plastic spoon, on occasion, to discipline the children."

41.   During the course of the aforementioned professional interactions with Lillian Manning-Horvath, Defendant TRACY developed a personal relationship with Lillian Manning-Horvath. Said relationship became one of friendship and compromised Defendant TRACY's ability to effectively perform her job responsibilities at Sacramento County DHHS.

42.   As a consequence of Defendant TRACY's personal relationship with Lillian Manning-Horvath, Defendant TRACY failed to protect Plaintiffs who were known by TRACY to be victims of child abuse by Lillian Manning-Horvath, and were known by TRACY to be continued risks of child abuse throughout TRACY's years of interactions with Lillian Manning-Horvath and her adopted children.

43.   Defendant TRACY acted in such a manner that her aforementioned conduct caused Plaintiffs to suffer severe humiliation, degradation, mental anguish, shame, emotional and physical

1   distress. Plaintiffs have been injured in mind and body, all having caused and continuing to cause

2   Plaintiffs mental and emotional pain and suffering, as more fully specified below.

3       44.    As a result of the conduct herein alleged, Plaintiffs have been harmed as more fully

4   set forth below.

### THIRD CAUSE OF ACTION
### (Civil Rights Violations – 42 U.S.C. § 1983)
### (Against all Defendants)

8       45.    Plaintiffs reallege and incorporate by reference as though fully set forth herein each

9   and every General Allegation, as if said allegations were fully set forth herein and with the same

10  force and effect.

11      46.    Defendants were aware of a serious risk of physical and emotional harm to

12  Plaintiffs, but, by their actions and inactions, were deliberately indifferent to the risk of harm.

13  Defendants' conduct constitutes a violation of Plaintiffs' constitutional rights to due process and

14  equal protection of the laws. In particular, Defendants failed to report child abuse that they

15  reasonably suspected was occurring to Plaintiffs. Defendants observed the visible scars on

16  Plaintiffs, were aware of their frequent absences, expressed concern about Plaintiffs' well-being,

17  and reasonably suspected that Plaintiffs were being abused. Defendants were mandated reporters

18  pursuant to the Child Abuse Reporting Act and therefore required to report reasonably suspected

19  child abuse. Nevertheless, Defendants failed to do so.

20      47.    Defendants' affirmative conduct also increased the risk of physical and emotional

21  harm to Plaintiffs by Lillian Manning-Horvath and Joseph Horvath. In particular, Defendants

22  TRACEY and STRUHS also exacerbated the situation and increased the risk of harm to Plaintiffs

23  by arranging a "home visit" with Lillian Manning-Horvath, whereby Lillian Manning-Horvath

24  knew the time of the visit and arranged for the children to be out of the house. Defendants

25  TRACEY and STRUHS increased the risk of harm by fully accepting Lillian Manning-Horvath's

26  explanations without further investigation, by refusing to report reasonably suspected child abuse

27  as they were required to do, and by informing Lillian Manning-Horvath of the suspected abuse.

28  Defendants' actions increased and intensified the risk of harm and retaliation to Plaintiffs by

1   Lillian Manning-Horvath and Joseph Horvath.  This conduct shocks the conscience and violates

2   Plaintiffs' constitutional rights to due process and equal protection of the laws.

3       48.     Defendant TRACY also increased the risk of harm to Plaintiffs by her personal

4   relationship with Lillian Manning-Horvath and her failure to protect Plaintiffs who were known by

5   TRACY to be victims of child abuse by Lillian Manning-Horvath, and were known by TRACY to

6   be   continued risks of child abuse throughout TRACY's years of interactions with Lillian

7   Manning-Horvath and her adopted children. This conduct shocks the conscience and violates

8   Plaintiffs' constitutional rights to due process and equal protection of the laws.

9       49.     Defendants SACRAMENTO CITY UNIFIED SCHOOL DISTRICT, ("USD"),

10  defendant DEPARTMENT OF HEALTH AND HUMAN SERVICES ("DHHS"), defendant

11  CHILD PROTECTIVE SERVICES ("CPS") and COUNTY OF SACRAMENTO ("COUNTY")

12  are liable under 42 U.S.C. § 1983 for violation of Plaintiffs' constitutional rights in that:

13              a.      The USD, DHHS, CPS and COUNTY failed to maintain adequate policies

14          or conduct adequate training to prevent violations of the due process rights of its citizens.

15          Violations such as the one inflicted on Plaintiffs were an obvious risk of the procedures

16          adopted by the USD, DHHS, CPS and COUNTY.  The USD, DHHS, CPS and

17          COUNTY's actions and omissions constitute deliberate indifference.

18              b.      The USD, DHHS, CPS and COUNTY were deliberately indifferent to the

19          demonstrated propensities of Defendants' to violate the constitutional rights of citizens in

20          the manner that Plaintiffs' rights were violated.

21      50.     Defendants' conduct was a legal and proximate cause of physical and emotional

22  harm to Plaintiffs.  As a result of the conduct herein alleged, Plaintiffs have been harmed as more

23  fully set forth below.

24  ///

25  ///

26  ///

27  ///

28  ///

1
2

## FOURTH CAUSE OF ACTION
### (Civil Rights Violations – 42 U.S.C. § 1985)
### (Against all Defendants)

3
4
5

51.     Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every General Allegation, as if said allegations were fully set forth herein and with the same force and effect.

6
7

52.     Defendants conspired for the purpose of depriving Plaintiffs of due process and of equal protection of the laws, or equal privileges and immunities under the laws.

8
9

53.     Defendants USD, DHHS, CPS and COUNTY are liable under 42 U.S.C. § 1985 for violation of Plaintiffs' constitutional rights in that:

10
11
12
13
14

a.     The USD, DHHS, CPS and COUNTY failed to maintain adequate policies or conduct adequate training to prevent violations of the due process rights of its citizens. Violations such as the one inflicted on Plaintiffs were an obvious risk of the procedures adopted by the USD, DHHS, CPS and COUNTY.   The USD, DHHS, CPS and COUNTY's actions and omissions constitute deliberate indifference.

15
16
17

b.     The USD, DHHS, CPS and COUNTY were deliberately indifferent to the demonstrated propensities of Defendants' to violate the constitutional rights of citizens in the manner that Plaintiffs' rights were violated.

18
19
20

54.     Defendants' conduct was a legal and proximate cause of physical and emotional harm to Plaintiffs.  As a result of the conduct herein alleged, Plaintiffs have been harmed as more fully set forth below.

21
22

## FIFTH CAUSE OF ACTION
### (Civil Rights Violations – 42 U.S.C. § 1986)
### (Against all Defendants)

23
24
25

55.     Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every General Allegation, as if said allegations were fully set forth herein and with the same force and effect.

26
27

56.     Defendants had knowledge of the wrongs being conspired to be done to Plaintiffs and had the power to prevent or aid in preventing the wrongs and failed or refused to do so.

28

FIRST AMENDED COMPLAINT FOR DAMAGES
-11-

57.    Defendants USD, DHHS, CPS and COUNTY are liable under 42 U.S.C. § 1986 for violation of Plaintiffs' constitutional rights in that:

    a.    The USD, DHHS, CPS and COUNTY failed to maintain adequate policies or conduct adequate training to prevent violations of the due process rights of its citizens. Violations such as the one inflicted on Plaintiffs were an obvious risk of the procedures adopted by the USD, DHHS,- CPS and COUNTY.   The USD, DHHS, CPS and COUNTY's actions and omissions constitute deliberate indifference.

    b.    The USD, DHHS, CPS and COUNTY were deliberately indifferent to the demonstrated propensities of Defendants' to violate the constitutional rights of citizens in the manner that Plaintiffs' rights were violated.

58.    Defendants' conduct was a legal and proximate cause of physical and emotional harm to Plaintiffs.  As a result of the conduct herein alleged, Plaintiffs have been harmed as more fully set forth below.

## CALIFORNIA TORT CLAIMS ACT

59.    Plaintiff Lilly Manning timely filed a claim against the Sacramento City Unified School District and its employees pursuant to the Torts Claim Act, Government Code § 910, et seq. on December 15, 2011. The District rejected the claim as untimely on January 25, 2012.

## PLAINTIFFS' DISCOVERY OF POTENTIAL CLAIMS AGAINST DEFENDANTS

60.    Prior to July 8, 2011 Plaintiffs did not have the psychological or emotional capacity to comprehend, investigate, or pursue claims against any of the Defendants.

61.    Plaintiffs could not rely upon their guardians to investigate or file claims against the Defendants, since it was Plaintiffs' guardians who were perpetrating the severe abuse on Plaintiffs.  Plaintiffs were repeatedly abused and tortured by their guardians, Lillian Manning-Horvath and Joseph Horvath.  Plaintiffs received ongoing threats of additional beatings, torture, and even death if Plaintiffs ever disclosed to any outside source information about the abuse. Plaintiffs and their siblings were isolated from others and were dependent on their guardians for

their basic needs and survival. Plaintiffs were minors during this time. They also suffer from severe psychological disorders, stemming from the abuse, which prevented them from filing a claim against Defendants.

62.     In light of these circumstances, Plaintiffs' failure to make an earlier discovery of their claims against Defendants was entirely reasonable. Plaintiffs investigated their potential claims and contacted an attorney as soon as they reasonably could do so, given the severe physical and emotional trauma they suffered.

63.     It was the abuse that the Defendants allowed to continue that inhibited Plaintiffs' ability to realize that they had potential claims against Defendants.

<strong>DAMAGES</strong>

64.     As a direct, legal, and proximate result of the above Causes of Action hereinabove alleged, Plaintiffs have been damaged as set forth below.

65.     Plaintiffs have suffered psychological and emotional injury and harm, all to Plaintiffs' general damages in a sum to be proven. Plaintiffs have further suffered an exacerbation of any emotional difficulties which were pre-existing Defendants' failure to file a written CPS report.

66.     Plaintiffs have suffered physical, mental and emotional health problems as a result of which they have had to employ, and will in the future continue to have to employ, medical and mental health professionals for diagnosis and treatment and have incurred and will in the future continue to incur expenses therefore, in a sum as yet unascertained. Plaintiffs will ask leave of Court to amend this Complaint to state the exact amount of expenses when they are ascertained.

67.     Plaintiffs have been significantly traumatized and have suffered and continue to suffer extreme mental, emotional and physical injuries to their health and well being. Plaintiffs have suffered extreme mental anguish and have been permanently scarred in a sum as yet unascertained. Plaintiffs will ask leave of court to amend this Complaint to state the exact amount of expenses when they are ascertained.

68.     Plaintiffs have suffered and will in the future continue to suffer a loss of earnings and of earning capacity, in a sum as yet unascertained. Plaintiffs will ask leave of court to amend

1    this Complaint to state the exact amount of losses when they are ascertained.

2    　　　　WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as

3    follows:

4    　　　　　　　　(1)　　For damages for past and future medical and related expenses according to

5    　　　　　　　　　　　　proof at the time of trial;

6    　　　　　　　　(2)　　For general damages for physical, mental pain and suffering, and emotional

7    　　　　　　　　　　　　distress in a sum to be proven at the time of trial;

8    　　　　　　　　(3)　　For damages for past and future lost wages and loss of earning capacity

9    　　　　　　　　　　　　according to proof at the time of trial;

10   　　　　　　　　(4)　　For attorney fees pursuant to 42 U.S.C. § 1988;

11   　　　　　　　　(5)　　For punitive damages;

12   　　　　　　　　(6)　　For prejudgment interest pursuant to statute; and

13   　　　　　　　　(7)　　For such other and further relief as the court deems just and proper.

14

15   Dated: May 31, 2012　　　　　　LAW OFFICES OF JOSEPH C. GEORGE, Ph.D.

16

17   　　　　　　　　　　BY:　　_____

18   　　　　　　　　　　　　　Joseph C. George
　　　　　　　　　　　　　　　Attorney for PLAINTIFFS

19

20

21

22

23

24

25

26

27

28

---

FIRST AMENDED COMPLAINT FOR DAMAGES
-14-

# EXHIBIT B

1   Joseph C. George, State Bar No. 119231
    Joseph C. George, Jr., State Bar No. 200999
2   THE LAW OFFICES OF
    JOSEPH C. GEORGE, PH.D.
3   A Professional Corporation
    601 University Avenue, Suite 200
4   Sacramento, CA 95825
    Telephone: 916-641-7300
5   Facsimile: 916-641-7303
    joe@psyclaw.com
6
    Stewart Katz, State Bar No. 127425
7   LAW OFFICE OF STEWART KATZ
    555 University Avenue, Suite 270
8   Sacramento, CA 95825
    Telephone: 916-444-5678
9   Facsimile: 916-444-3364
    knvsback@earthlink.net
10
    Attorneys for Plaintiffs
11

FILED/ENDORSED

JUN - 8 2012

By: _____ L. MARTINSON

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              FOR THE COUNTY OF SACRAMENTO

14  LILLY MANNING, KENYATA MANNING,      CASE NO. 34-2012-00116565
    and NATASHA MANNING,
15                                        PROOF OF SERVICE
              Plaintiffs,
16
    v.
17
    MIKE CROSBY, RACHEL LANE, MARY
18  STRUHS, NATASHA JOHNSON,
    STEPHANIE WHITNEY-COOK, PAULINE
19  TRACEY, LYNN TRACY, MSW,
    SACRAMENTO CITY UNIFIED SCHOOL
20  DISTRICT, DEPARTMENT OF HEALTH
    AND HUMAN SERVICES, SACRAMENTO
21  COUNTY and DOES 5 through 25, inclusive,

22            Defendants.

23

24

25

26                                                      

27

28
    _____
                        PROOF OF SERVICE

Re: *Lilly Manning, et al. v. Mike Crosby, et al.*
Sacramento County Superior Court Case No. 34-2012-00116565

### PROOF OF SERVICE

I, Camille Rasmussen, declare as follows:

I am over the age of eighteen years and not a party to the within action; my business address is 601 University Avenue, Suite 200, Sacramento, CA 95825; I am employed in Sacramento County, California.

I am readily familiar with my employer's practices for collection and processing of correspondence for mailing with the United States Postal Service and with Federal Express. On June 7, 2012, I served a copy of the following document;

### FIRST AMENDED COMPLAINT FOR DAMAGES

on the interested parties in this case by:

<u>X</u>   Following ordinary business practices and placing for collection and mailing at 601 University Avenue, Suite 200, Sacramento, CA 95825, a true copy of the above-referenced document(s), enclosed in a sealed envelope; in the ordinary course of business, the above documents would have been deposited for firs-class delivery with the United States Postal Service the same day they were placed for deposit, with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as follows:

___   Facsimile transmission from (916) 641-7303. Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached hereto.

___   Hand delivery at the following addresses:

___   By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Mike Crosby | Rachel Lane |
| 5601 47th Avenue | 548 Watercolor Lane |
| Sacramento, CA 95824 | West Sacramento, CA 95605 |
| *Defendant* | *Defendant* |
| | |
| Mary Struhs | Domenic D. Spinelli, Esq. |
| 3932 Minnesota Avenue | Spinelli Donald Nott PC |
| Fair Oaks, CA 95628 | 815 S Street, 2nd Floor |
| *Defendant* | Sacramento, CA 95811 |

1     *Attorney for Defendant Stephanie Whitney-Cook*

2   Pauline Tracey                      Lynn Tracy, MSW
3   1250 Charity Lane                   42 Moonlit Circle
    Dixon, CA 95620                     Sacramento, CA 95831
4   *Defendant*                         *Defendant*

5       I declare under penalty of perjury under the laws of the State of California that the foregoing
6   is true and correct.  Executed at Sacramento, California, on June 7, 2012.

7

8                                Camille Rasmussen

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1 | LONGYEAR, O'DEA & LAVRA, LLP
John A. Lavra, CSB No.: 114533
2 | Jeri L. Pappone, CSB No.: 210104
Amy B. Lindsey-Doyle CSB No. 242205
3 | 3620 American River Drive, Suite 230
Sacramento, CA 95864
4 | Phone: 916-974-8500
Facsimile: 916-974-8510
5

6 | Attorneys for COUNTY OF SACRAMENTO
and LYNN TRACY, MSW

7

FILED
ENDORSED

12 JUN 29 PM 1:51

LEGAL PROCESS #3

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF SACRAMENTO

10

11 | LILLY MANNING, KENYATA MANNING, ) Case No.: 34-2012-00116565
and NATASHA MANNING, )
12 | ) **COUNTY OF SACRAMENTO'S**
Plaintiffs, ) **ANSWER TO FIRST AMENDED**
13 | ) **COMPLAINT AND DEMAND FOR A**
vs. ) **JURY TRIAL**
14 | MIKE CROSBY, RACHEL LANE, MARY )
STRUHS, NATASHA JOHNSON, )
15 | STEPHANIE WHITNEY-COOK, PAULINE )
TRACEY, LYNN TRACY, MSW, )
16 | SACRAMENTO CITY UNIFIED SCHOOL )
DISTRICT, DEPARTMENT OF HEALTH )
17 | AND HUMAN SERVICES SACRAMENTO ) **[Filing fee exemption for Government**
COUNTY and DOES 5 through 25, inclusive, ) **Entity pursuant to Government Code §**
18 | ) **6103]**
Defendants )
19 | _____ )

20

21 |     Defendant, COUNTY OF SACRAMENTO, (additionally and erroneously sued herein as

22 | Department of Health and Human Services) in answer to the unverified Complaint, herewith

23 | denies each and every, all and singular, the allegations of the Complaint, and each alleged cause

24 | of action thereof, and in that connection, this answering defendant denies plaintiff has been

25 | injured or damaged in any of the sums mentioned in the Complaint, on in any other amount, or at

26 | all, by reason of any act or omission of this answering defendant.

27

28

**Answer to First Amended Complaint by County of Sacramento**

# AFFIRMATIVE DEFENSES

As separate and affirmative defenses, the answering Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint, and each and every claim alleged herein, fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

That at all times alleged, Defendant acted in good faith and is entitled to qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' complaint does not rise to the level of a constitutional or statutory violation.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs were given, or had available to them, due process for each of the alleged deprivations of their constitutional rights and has therefore failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

## FIFTH AFFIRMATIVE DEFENSE

Defendant has not deprived Plaintiffs of any right, privilege, or immunity guaranteed by the Constitution of laws of the United States.

## SIXTH AFFIRMATIVE DEFENSE

Defendant asserts that its employees did not act with malicious intent to deprive any person of any constitutional right or to cause injury and therefore is not liable.

## SEVENTH AFFIRMATIVE DEFENSE

Because the complaint is vague, ambiguous, in narrative form and in conclusionary terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, the right to assert additional affirmative defenses, if any, to the extent such affirmative defenses are applicable, is hereby reserved.

## EIGHTH AFFIRMATIVE DEFENSE

At said times and places, Defendant attempted to, and did, execute any and all mandatory duties with respect to Plaintiffs in good faith and without malice.

**Answer to First Amended Complaint by County of Sacramento**

1

## NINTH AFFIRMATIVE DEFENSE

2   Defendant's conduct was protected by all applicable statutory and common law

3   immunities, including, but not limited to, all absolute and qualified immunities.

## TENTH AFFIRMATIVE DEFENSE

5   Defendant asserts that the Complaint is barred by the Eleventh Amendment to the United

6   States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

8   Defendant asserts that it is not liable to Plaintiffs for any injury or damages, if there were

9   any, caused by an exercise of discretion. The complaint is therefore barred by the doctrine of

10  discretionary immunity as set forth in Government Code §§ 820.2 and 821.6.

## TWELFTH AFFIRMATIVE DEFENSE

12  Plaintiffs' claims are barred by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

14  Defendant is immune to all state law claims pursuant to Government Code §§ 815.2, 818,

15  820.2, 820.25, 820.8 and 821.6.

## FOURTEENTH AFFIRMATIVE DEFENSE

17  Complaint fails to state a claim for violation of Plaintiffs' civil rights, as Plaintiffs'

18  alleged deprivation of civil rights, if any occurred, was not without due process of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

20  Defendant is immune from liability as a result of executive and/or legislative and/or

21  judicial immunity under the common law, United States statutes, and the opinions of the State

22  and Federal Courts interpreting these laws.

## SIXTEENTH AFFIRMATIVE DEFENSE

24  Defendant asserts that some or all of Plaintiffs' claims are barred by the equitable

25  doctrine of Laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

27  Defendant asserts that Plaintiffs' injuries were the result of the acts of third parties

28  currently known or otherwise unknown to this answering Defendant.

**Answer to First Amended Complaint by County of Sacramento**

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that said complaint is barred by the statute of limitations; to wit, the provisions of Code of Civil Procedures sections 312 through 365.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant asserts that the other third persons were contributorily negligent, such negligence contributed to the injury, and Plaintiffs' recovery against this answering Defendant should therefore either be barred or reduced to the extent of such negligence.

## TWENTYETH AFFIRMATIVE DEFENSE

Defendant asserts that the Plaintiffs' Complaint and each cause of action are uncertain.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by failure to comply with the California Tort Claims Act, California Government Code §§ 910 through 915.4 and §§ 945.4 through 946.6

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent that the complaint is construed as stating causes of action for state law claims, the complaint is barred by virtue of the Plaintiffs' failure to comply with the Government Tort Claims Act in that Plaintiff failed to present a timely claim and has failed to present a timely application for leave to present a late claim and has not received an order relieving him from the claim presentation requirements.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant elects to have future damages, if any should be awarded, paid whole or in part, as specified and provided for in Code of Civil Procedure §§ 667 and 667.7.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

That Plaintiffs' claims, or some of them, against the County of Sacramento are barred pursuant to Government Code § 815.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant is not liable, pursuant to California Government Code § 818, for any exemplary or punitive damages.

/ / /

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiffs failed to take reasonable steps to mitigate their injuries and damages, if any there are.  Any recovery by Plaintiffs should be reduced by those damages Plaintiffs failed to adequately mitigate.

**WHEREFORE**, this answering Defendant prays for judgment as against Plaintiffs as follows:

1.    That Plaintiffs take nothing by way of his complaint and judgment be entered in favor of Defendant on all claims;

2.    That Defendant be awarded costs of suit;

3.    That Defendant be awarded attorneys fees pursuant to statute; and,

4.    For such other and further relief as the court may deem just and proper.


Dated:                                      LONGYEAR, O'DEA & LAVRA, LLP

                                    By:
                                        JOHN A. LAVRA
                                        JERI L. PAPPONE
                                        AMY B. LINDSEY-DOYLE

1

**DEMAND FOR JURY TRIAL**

2
DEFENDANT COUNTY OF SACRAMENTO hereby requests a trial by jury.

3

4
Dated:  June 29, 2012                                        LONGYEAR, O'DEA AND LAVRA, LLP

5

6
By:

7
John A. Lavra, SBN 114533
Amy B. Lindsey-Doyle, SBN 242205
8
Attorney for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2  **CASE:**      *Manning vs. County of Sacramento et al.*
   **COURT:**     *Superior Court of California, County of Sacramento*
3  **CASE NO.:**  34-2012-00116565

4        I am employed in the County of Sacramento.  I am over the age of eighteen years and not

5  a party to the within above-entitled action. My business address is 3620 American River Dr. Ste.

6  230, Sacramento, CA 95864.

7        I am familiar with this office's practice whereby the mail is sealed, given the appropriate

8  postage and placed in a designated mail collection area.  Each day's mail is collected and

9  deposited in a United States mailbox after the close of each day's business.

10       On June 29, 2012, I served the following:

11  **Answer to First Amended Complaint by County of Sacramento**

12  <u>XX</u>    United States Mail - on all parties in said action by placing a true copy of the above-
             described document(s) enclosed in a sealed envelope in the designated area for outgoing
13           mail addressed as set forth below.

14  ___    By FACSIMILE (telecopier) - by personally sending to the addressee's facsimile number
             a true copy of the above-described document(s).

15
             By ELECTRONIC MAIL - by personally sending to the addressee's Electronic Mail
16           address a true copy of the above-described document(s).

| | |
|---|---|
| 17  Joseph C. George, State Bar No. 119231<br>Joseph C. George, Jr., State Bar No. 200999<br>18  THE LAW OFFICES OF<br>JOSEPH C. GEORGE, PH.D.<br>19  A Professional Corporation<br>601 University Ave, Suite 200<br>20  Sacramento, CA 95825 | Dominic Spinelli<br>Spinelli Donald Nott PC<br>815 S Street, 2nd Floor<br>Sacramento, CA 95811 |
| 21  Stewart Katz, State Bar No. 127425<br>LAW OFFICES OF STEWART KATZ<br>22  555 University Ave., Suite 270<br>Sacramento, Ca. 95825<br>23 | |

24       I declare under penalty of perjury that the foregoing is true and correct and that this

25  declaration was executed on June 29, 2012, at Sacramento, California.

26

27                                          Employee of Longyear, O'Dea & Lavra, LLP

28

Answer to First Amended Complaint by County of Sacramento

FILED
ENDORSED

12 JUN 29 PM 1: 53

LEGAL PROCESS #3

1  LONGYEAR, O'DEA & LAVRA, LLP
   John A. Lavra, CSB No.: 114533
2  Jeri L. Pappone, CSB No.: 210104
   Amy B. Lindsey-Doyle CSB No. 242205
3  3620 American River Drive, Suite 230
   Sacramento, CA 95864
4  Phone: 916-974-8500
   Facsimile: 916-974-8510
5
   Attorneys for COUNTY OF SACRAMENTO
6  and LYNN TRACY, MSW

7

8               SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SACRAMENTO

10

11 LILLY MANNING, KENYATA MANNING, )   Case No.: 34-2012-00116565
   and NATASHA MANNING,             )
12                                  )   LYNN TRACY'S ANSWER TO FIRST
              Plaintiffs,           )   AMENDED COMPLAINT AND DEMAND
13                                  )   FOR A JURY TRIAL
        vs.                         )
14                                  )
   MIKE CROSBY, RACHEL LANE, MARY   )
15 STRUHS, NATASHA JOHNSON,         )
   STEPHANIE WHITNEY-COOK, PAULINE  )
16 TRACEY, LYNN TRACY, MSW,         )
   SACRAMENTO CITY UNIFIED SCHOOL   )
17 DISTRICT, DEPARTMENT OF HEALTH    )  [Filing fee exemption for Government
   AND HUMAN SERVICES SACRAMENTO    )   Entity pursuant to Government Code §
18 COUNTY and DOES 5 through 25, inclusive, )  6103]
                                    )
19            Defendants            )
                                    )
20

21      Defendant, LYNN TRACY, MSW, in answer to the unverified Complaint, herewith

22 denies each and every, all and singular, the allegations of the Complaint, and each alleged cause

23 of action thereof, and in that connection, this answering defendant denies plaintiff has been

24 injured or damaged in any of the sums mentioned in the Complaint, on in any other amount, or at

25 all, by reason of any act or omission of this answering defendant.

26                      **AFFIRMATIVE DEFENSES**

27      As separate and affirmative defenses, the answering Defendant alleges as follows:

28

1

### FIRST AFFIRMATIVE DEFENSE

2      Plaintiffs' complaint, and each and every claim alleged herein, fails to state a claim

3 against Defendant upon which relief can be granted.

4

### SECOND AFFIRMATIVE DEFENSE

5      That at all times alleged, Defendant acted in good faith and is entitled to qualified

6 immunity.

7

### THIRD AFFIRMATIVE DEFENSE

8      Plaintiffs' complaint does not rise to the level of a constitutional or statutory violation.

9

### FOURTH AFFIRMATIVE DEFENSE

10      Plaintiffs were given, or had available to them, due process for each of the alleged

11 deprivations of their constitutional rights and has therefore failed to state a claim upon which

12 relief can be granted under 42 U.S.C. § 1983.

13

### FIFTH AFFIRMATIVE DEFENSE

14      Defendant has not deprived Plaintiffs of any right, privilege, or immunity guaranteed by

15 the Constitution of laws of the United States.

16

### SIXTH AFFIRMATIVE DEFENSE

17      Defendant asserts that its employees did not act with malicious intent to deprive any

18 person of any constitutional right or to cause injury and therefore is not liable.

19

### SEVENTH AFFIRMATIVE DEFENSE

20      Because the complaint is vague, ambiguous, in narrative form and in conclusionary

21 terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this

22 matter.  Accordingly, the right to assert additional affirmative defenses, if any, to the extent such

23 affirmative defenses are applicable, is hereby reserved.

24

### EIGHTH AFFIRMATIVE DEFENSE

25      At said times and places, Defendant attempted to, and did, execute any and all mandatory

26 duties with respect to Plaintiffs in good faith and without malice.

27                                   / / /

28

1

**NINTH AFFIRMATIVE DEFENSE**

Defendant's conduct was protected by all applicable statutory and common law immunities, including, but not limited to, all absolute and qualified immunities.

**TENTH AFFIRMATIVE DEFENSE**

Defendant asserts that the Complaint is barred by the Eleventh Amendment to the United States Constitution.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts that it is not liable to Plaintiffs for any injury or damages, if there were any, caused by an exercise of discretion. The complaint is therefore barred by the doctrine of discretionary immunity as set forth in Government Code §§ 820.2 and 821.6.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant is immune to all state law claims pursuant to Government Code §§ 815.2, 818, 820.2, 820.25, 820.8 and 821.6.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Complaint fails to state a claim for violation of Plaintiffs' civil rights, as Plaintiffs' alleged deprivation of civil rights, if any occurred, was not without due process of law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability as a result of executive and/or legislative and/or judicial immunity under the common law, United States statutes, and the opinions of the State and Federal Courts interpreting these laws.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts that some or all of Plaintiffs' claims are barred by the equitable doctrine of Laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiffs' injuries were the result of the acts of third parties currently known or otherwise unknown to this answering Defendant.

Answer to First Amended Complaint by Lynn Tracy

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2      Defendant alleges that said complaint is barred by the statute of limitations; to wit, the

3 provisions of Code of Civil Procedures sections 312 through 365.

## NINETEENTH AFFIRMATIVE DEFENSE

5      Defendant asserts that the other third persons were contributorily negligent, such

6 negligence contributed to the injury, and Plaintiffs' recovery against this answering Defendant

7 should therefore either be barred or reduced to the extent of such negligence.

## TWENTYETH AFFIRMATIVE DEFENSE

9      Defendant asserts that the Plaintiffs' Complaint and each cause of action are uncertain.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

11      Plaintiffs' complaint is barred by failure to comply with the California Tort Claims Act,

12 California Government Code §§ 910 through 915.4 and §§ 945.4 through 946.6

## TWENTY-SECOND AFFIRMATIVE DEFENSE

14      To the extent that the complaint is construed as stating causes of action for state law

15 claims, the complaint is barred by virtue of the Plaintiffs' failure to comply with the Government

16 Tort Claims Act in that Plaintiff failed to present a timely claim and has failed to present a timely

17 application for leave to present a late claim and has not received an order relieving him from the

18 claim presentation requirements.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

20      Defendant elects to have future damages, if any should be awarded, paid whole or in part,

21 as specified and provided for in Code of Civil Procedure §§ 667 and 667.7.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

23      That Plaintiffs' claims, or some of them, against the County of Sacramento are barred

24 pursuant to Government Code § 815.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

26      Defendant is not liable, pursuant to California Government Code § 818, for any

27 exemplary or punitive damages.

28 ///

Answer to First Amended Complaint by Lynn Tracy

4

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2    Defendant asserts that Plaintiffs failed to take reasonable steps to mitigate their injuries

3  and damages, if any there are.  Any recovery by Plaintiffs should be reduced by those damages

4  Plaintiffs failed to adequately mitigate.

5    **WHEREFORE**, this answering Defendant prays for judgment as against Plaintiffs as

6  follows:

7    1.    That Plaintiffs take nothing by way of his complaint and judgment be entered in

8        favor of Defendant on all claims;

9    2.    That Defendant be awarded costs of suit;

10    3.    That Defendant be awarded attorneys fees pursuant to statute; and,

11    4.    For such other and further relief as the court may deem just and proper.

12

13

14  Dated: June 29, 2012                    LONGYEAR, O'DEA & LAVRA, LLP

15

16                            By:

17                                JOHN A. LAVRA
                                JERI L. PAPPONE
                                AMY B. LINDSEY-DOYLE

18

19

20

21

22

23

24

25

26

27

28

**Answer to First Amended Complaint by Lynn Tracy**

1

## DEMAND FOR JURY TRIAL

2        DEFENDANT LYNN TRACY hereby requests a trial by jury.

3

4   Dated: June 29, 2012                    LONGYEAR, O'DEA AND LAVRA, LLP

5

6                                       By: _____

7                                           John A. Lavra, SBN 114533
                                            Amy B. Lindsey-Doyle, SBN 242205
8                                           Attorney for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Answer to First Amended Complaint by Lynn Tracy**

## PROOF OF SERVICE

**CASE:**       **Manning vs. County of Sacramento et al.**
**COURT:**      **Superior Court of California, County of Sacramento**
**CASE NO.:**   **34-2012-00116565**

I am employed in the County of Sacramento.  I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 3620 American River Dr. Ste. 230, Sacramento, CA 95864.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area.  Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On June 29, 2012, I served the following:

**Answer to First Amended Complaint by Lynn Tracy**

XX      United States Mail - on all parties in said action by placing a true copy of the above-described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below.

___     By FACSIMILE (telecopier) - by personally sending to the addressee's facsimile number a true copy of the above-described document(s).

By ELECTRONIC MAIL - by personally sending to the addressee's Electronic Mail address a true copy of the above-described document(s).

| | |
|---|---|
| Joseph C. George, State Bar No. 119231<br>Joseph C. George, Jr., State Bar No. 200999<br>THE LAW OFFICES OF<br>JOSEPH C. GEORGE, PH.D.<br>A Professional Corporation<br>601 University Ave, Suite 200<br>Sacramento, CA 95825 | Dominic Spinelli<br>Spinelli Donald Nott PC<br>815 S Street, 2nd Floor<br>Sacramento, CA 95811 |
| Stewart Katz, State Bar No. 127425<br>LAW OFFICES OF STEWART KATZ<br>555 University Ave., Suite 270<br>Sacramento, Ca. 95825 | |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 29, 2012, at Sacramento, California.

Employee of Longyear, O'Dea & Lavra, LLP

Answer to First Amended Complaint by Lynn Tracy

7

# EXHIBIT D

1    SPINELLI, DONALD & NOTT
     A Professional Corporation
2    815 S Street, Second Floor
     Sacramento, CA 95811
3    Telephone: (916) 448-7888
     Facsimile: (916) 448-6888
4
     DOMENIC D. SPINELLI, SBN: 131192
5    PATRICIA J. LEE, SBN: 261463
     **ATTORNEYS FOR DEFENDANTS**
6    MIKE CROSBY, RACHEL LANE,
     MARY STRUHS, NATASHA JOHNSON,
7    STEPHANIE WHITNEY-COOK, PAULINE
     TRACEY and SACRAMENTO UNIFIED
8    SCHOOL DISTRICT

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12   LILLY MANNING, KENYATA            Case No.:
     MANNING, and NATASHA MANNING,
13                                     **JOINDER IN NOTICE OF  REMOVAL**
              Plaintiffs,              **OF ACTION TO FEDERAL COURT**
14
          vs.
15
     MIKE CROSBY, RACHEL LANE, MARY
16   STRUHS, NATASHA JOHNSON,
     STEPHANIE WHITNEY-COOK,
17   PAULINE TRACEY, LYNN TRACY,
     MSW, SACRAMENTO UNIFIED
18   SCHOOL DISTRICT, DEPARTMENT OF
     HEALTH AND HUMAN SERVICES,
19   CHILD PROTECTIVE SERVICES,
     SACRAMENTO COUNTY, and DOES 5
20   through 25, inclusive,

21            Defendants.
                                          /
22

23

24

25

26

27

28

1    Defendants MIKE CROSBY, RACHEL LANE, MARY STRUHS, NATASHA JOHNSON,

2    STEPHANIE WHITNEY-COOK, PAULINE TRACEY and SACRAMENTO UNIFIED SCHOOL

3    DISTRICT's hereby join in defendant COUNTY OF SACRAMENTO'S Notice of Removal to this

4    Court of the state court action described in the said Notice of Removal.

5    Dated: July 2, 2012                              SPINELLI, DONALD & NOTT

6

7                                              By: _Domenic D Spinelli_

8                                                   DOMENIC D. SPINELLI
                                                    PATRICIA J. LEE
9                                                   Attorneys For Defendants
                                                    MIKE CROSBY, RACHEL LANE,
10                                                  MARY STRUHS, NATASHA JOHNSON,
                                                    STEPHANIE WHITNEY-COOK,
11                                                  PAULINE TRACEY and SACRAMENTO
                                                    UNIFIED SCHOOL DISTRICT
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1   SPINELLI, DONALD & NOTT
    A Professional Corporation
2   815 S Street, Second Floor
    Sacramento, CA 95811
3   Telephone: (916) 448-7888
    Facsimile: (916) 448-6888
4
    DOMENIC D. SPINELLI, SBN: 131192
5   PATRICIA J. LEE, SBN: 261463
    ATTORNEYS FOR DEFENDANTS
6   MIKE CROSBY, RACHEL LANE,
    MARY STRUHS, NATASHA JOHNSON,
7   STEPHANIE WHITNEY-COOK, PAULINE
    TRACEY, SACRAMENTO UNIFIED
8   SCHOOL DISTRICT

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  FOR THE COUNTY OF SACRAMENTO

12  LILLY MANNING, KENYATA            Case No.: 34-2012-00116565
    MANNING, and NATASHA MANNING,
13                                    **ANSWER OF DEFENDANTS MIKE**
          Plaintiffs,                **CROSBY, RACHEL LANE, MARY**
14                                    **STRUHS, NATASHA JOHNSON,**
       vs.                           **STEPHANIE WHITNEY-COOK,**
15                                    **PAULINE TRACEY, SACRAMENTO**
    MIKE CROSBY, RACHEL LANE, MARY    **UNIFIED SCHOOL DISTRICT**
16  STRUHS, NATASHA JOHNSON,          **TO PLAINTIFFS' FIRST AMENDED**
    STEPHANIE WHITNEY-COOK,           **COMPLAINT**
17  PAULINE TRACEY, LYNN TRACY,
    MSW, SACRAMENTO UNIFIED
18  SCHOOL DISTRICT, DEPARTMENT OF
    HEALTH AND HUMAN SERVICES,        **[PUBLIC ENTITY - FEES EXEMPT**
19  CHILD PROTECTIVE SERVICES,        **PURSUANT TO GOV. CODE SECTION**
    SACRAMENTO COUNTY, and DOES 5     **6103]**
20  through 25, inclusive,

21        Defendants.
                                  /
22

23        COMES NOW, Defendants Mike Crosby, Rachel Lane, Mary Struhs, Natasha Johnson,

24  Stephanie Whitney-Cook, Pauline Tracey and Sacramento Unified School District, and answering

25  Plaintiffs' First Amended Complaint on file herein, admits, denies, and alleges as follows:

26                          **GENERAL DENIAL**

27        Under the provisions of sections 431.30 and 446(a) of the California Code of Civil

28  Procedure, Defendants generally and specifically deny, each and all and every allegation contained

SPINELLI, DONALD
    & NOTT

                  ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

FILED/ENDORSED

JUN 29 2012

By: _____
        L. WHITFIELD
        DEPUTY CLERK

in Plaintiffs' First Amended Complaint on file herein, and in each and every cause of action therein contained, and further deny that Plaintiffs were damaged in any sum or sums at all by these Defendants, as alleged in said First Amended Complaint or otherwise.

## AFFIRMATIVE DEFENSES

As and for separate and affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

That said First Amended Complaint does not state facts sufficient to state a cause of action against these answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action for Exemplary Damages)

That said First Amended Complaint does not state facts sufficient to state a cause of action for exemplary damages against these answering Defendants.  (California Gov't Code §818.)

### THIRD AFFIRMATIVE DEFENSE

(Constitutional or Statutory Violation)

That said First Amended Complaint does not rise to the level of a constitutional or statutory violation.

### FOURTH AFFIRMATIVE DEFENSE

(42 U.S.C. section 1983)

That Plaintiffs were given, or had available to them, due process for each of the alleged deprivations of their constitutional rights and have therefore failed to state a claim upon which relief can be granted under 42 U.S.C. section 1983.

### FIFTH AFFIRMATIVE DEFENSE

(Civil Rights)

That Plaintiffs First Amended Complaint fails to state a claim for violation of Plaintiffs' civil rights, as Plaintiffs' alleged deprivation of civil rights, if any occurred, was not without due process of law.

SPINELLI, DONALD
& NOTT

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

1

2

### SIX AFFIRMATIVE DEFENSE

(Immunities)

3

4

5

That Defendants are immune from liability as a result of executive and/or legislative and/or judicial immunity under the common law, United States statutes, and the opinions of the State and Federal Courts interpreting these laws.

6

### SEVENTH AFFIRMATIVE DEFENSE

7

(United States Constitution)

8

9

That Defendants have not deprived Plaintiffs of any right, privilege, or immunity guaranteed by the Constitution of laws of the United States.

10

### EIGHTH AFFIRMATIVE DEFENSE

11

(Lack of Malicious Intent)

12

13

Defendants assert that they did not act with malicious intent to deprive any person of any constitutional right or to cause injury and therefore are not liable.

14

### NINTH AFFIRMATIVE DEFENSE

15

(Execution of Mandatory Duties)

16

17

That at said times and places, Defendants attempted to, and did, execute any and all mandatory duties with respect to Plaintiffs in good faith and without malice.

18

### TENTH AFFIRMATIVE DEFENSE

19

(Eleventh Amendment)

20

21

Defendants assert that the First Amended Complaint is barred by the Eleventh Amendment to the United States Constitution.

22

### ELEVENTH AFFIRMATIVE DEFENSE

23

(Acts of Third Persons)

24

25

Defendants assert that Plaintiffs' injuries, if any there were, were the result of the acts of third parties currently known or otherwise unknown to these answering Defendants.

26

/ / /

27

/ / /

28

SPINELLI, DONALD
& NOTT

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

### TWELFTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

That Plaintiffs were negligent in some percentage compared to that of Defendants, and said negligence contributed proximately to Plaintiffs' injuries or damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

That each and every cause of action alleged in the First Amended Complaint is barred by the applicable statute of limitations (CCP§ 312 through 365) including, but not limited to, Code of Civil Procedure 335.1, and 342.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Governmental Immunity)

That for any and all injuries and damages alleged in the First Amended Complaint on file herein, Defendants claim and plead the immunities from liability for the defenses and all rights granted to them by virtue of the provisions of California Government Code sections 810 through 996.6, inclusive.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Discretionary Act)

That these Defendants are not liable for any alleged injuries allegedly caused by an act or omission of these Defendants, or employees of the School District where such act or omission was the result of the discretion vested in such persons and are immune from all state law claims. *(Government Code §§ 820.2, 815.2(b) and 815.4, 820.25, 820.8 and 821.6.)*

### SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to State Cause of Action for Attorney's Fees)

That the First Amended Complaint and alleged causes of action, fail to state facts sufficient to constitute a cause of action for recovery of attorney's fees.

/ / /

/ / /

SPINELLI, DONALD
& NOTT

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to State Facts for Prejudgment Interest)

That the First Amended Complaint and alleged causes of action, fail to state facts sufficient to constitute a cause of action for pre-judgment interest.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure to State Facts for Postjudgment Interest)

That the First Amended Complaint and alleged causes of action, fail to state facts sufficient to constitute a cause of action for post-judgment interest.

## NINTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

That Plaintiffs have failed to mitigate their damages, if any, thereby barring all or a portion thereof, of their recovery against Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

(Good Faith)

That these Defendants, their employees and their independent contractors are informed and believe that any action or conduct toward Plaintiffs was lawful, privileged, reasonable, justified, and made in good faith.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Laches)

That the First Amended Complaint does not state facts sufficient to constitute a cause of action in that it appears on the face of the First Amended Complaint that Plaintiffs have inexcusably and unreasonably delaying in filing of said action to the prejudice of Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(California Government Code Claims)

Plaintiffs' complaint is barred due to failure to comply with Government Code Sections 905, 910 through 915.4, 945.4, 945.6 and 945.8.

/ / /

1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

2

(Administrative Remedies)

3

The First Amended Complaint and each cause of action are barred and this court is without

4

jurisdiction as Plaintiffs have failed to exhaust administrative remedies.

5

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

6

(Government Code §985)

7

At all times herein relevant, Defendants are entitled to the benefits and offsets under

8

Government Code Section 985.

9

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

10

(Apportionment of Fault)

11

If the matters and damages alleged in the First Amended Complaint were proximately

12

caused by the conduct of more than one party, any recovery must be apportioned as to the fault of

13

each party.

14

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

15

(Future Damages)

16

Defendants elect to have future damages, if any should be awarded, paid whole or in part, as

17

specified and provided for in Code of Civil Procedure sections 667 and 667.7.

18

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

19

(Request for Expenses – Code Civ. Proc. § 128.5 and 1038)

20

The maintenance of the above-entitled action by Plaintiffs and their counsel against these

21

answering Defendants is a bad faith action or tactic which is frivolous and which has caused

22

Defendants to incur expenses, including attorney's fees and costs in defending against the same.

23

## TWENTY-EIGHT AFFIRMATIVE DEFENSE

24

(Absolute and Qualified Immunity)

25

Defendants' conduct is protected by absolute and qualified immunities.

26

/ / /

27

/ / /

28

SPINELLI, DONALD
& NOTT

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

That the awarding of punitive damages against Defendant are prohibited by the Fourth, Fifth and Eighth Amendments to the Constitution of the United States of America, as well as other provisions of the United States Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Couched in Conclusory Terms)

That because the allegations of Plaintiffs' First Amended Complaint are vague, ambiguous, in narrative form and couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, Defendants reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable.

## RESERVED DEFENSES

These answering Defendants allege that they presently have insufficient knowledge and information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses to Plaintiffs' First Amended Complaint.  Accordingly, these answering Defendants reserve the right to assert additional defenses in the event that discovery and/or investigation reveal factual and/or legal bases for such additional affirmative defenses.

/ / /

/ / /

/ / /

/ / /

SPINELLI, DONALD
& NOTT

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

1    WHEREFORE, Defendants pray that Plaintiffs take nothing by reason of the First Amended

2  Complaint and judgment be entered in favor of Defendants on all claims; for costs of suit incurred

3  herein, for attorneys' fees pursuant to statute; and for such other and further relief as the court

4  deems just and proper.

5

6  Dated:  June 29, 2012                            **SPINELLI, DONALD & NOTT**

7

8                                               By: _____

9                                                   DOMENIC D. SPINELLI
                                                    PATRICIA J. LEE
                                                    Attorneys For Defendants
10                                                  MIKE CROSBY, RACHEL LANE,
                                                    MARY STRUHS, NATASHA JOHNSON,
11                                                  STEPHANIE WHITNEY-COOK, PAULINE
                                                    TRACEY, SACRAMENTO UNIFIED
12                                                  SCHOOL DISTRICT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2    COURT:              Superior Court of California, County of Sacramento
     CASE NO.:           34-2012-00116565
3    CASE NAME:          *Lilly Manning, et al. v. Mike Crosby, et al.*

4         I am a citizen of the United States, employed in the County of Sacramento, State of
     California. My business address is 815 S Street, Second Floor, Sacramento, CA 95811. I am over
5    the age of 18 and not a party to the above-entitled action.

6         I am readily familiar with Spinelli, Donald & Nott's practice for collection and processing of
     correspondence for mailing with the United States Postal Service. Pursuant to said practice, each
7    document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon
     and the sealed envelope is placed in the office mail receptacle. Each day's mail is collected and
8    deposited in a U.S. mailbox at or before the close of each day's business. (CCP Section 1013a(3) or
     Fed.R.Civ.P.5(a) and 4.1.
9
          On June 29, 2012, I caused the within **ANSWER OF DEFENDANTS MIKE CROSBY,**
10   **RACHEL LANE, MARY STRUHS, NATASHA JOHNSON, STEPHANIE WHITNEY-COOK,**
     **PAULINE TRACEY, SACRAMENTO UNIFIED SCHOOL DISTRICT TO PLAINTIFFS' FIRST**
11   **AMENDED COMPLAINT**, the original of which was produced on recycled paper, to be served via

12   [ XX ] MAIL--
             Placed in the United States Mail at Sacramento, California in an envelope with postage
13           thereon fully prepaid addressed as follows:

14                              **SEE ATTACHED SERVICE LIST**

15   [     ] BY ELECTRONIC SERVICE--
             I caused such document to be electronically served by filing said document electronically in
16           accordance with rules of electronically filing documents. See Local Rule 5-135(a); Fed. R.
             Civ. P. 5(b)(2)(D).
17
     [     ] FAX AND MAIL--
18           I personally sent to the addressee's telecopier number indicated below a true copy of the
             above-described document(s) before 5:00 p.m. I verified transmission without error by a
19           transmission report issued by the facsimile machine upon which said transmission was made
             immediately following the transmission.  Thereafter, I placed a true copy in a sealed
20           envelope with the first class postage affixed and mailed as follows:

21   [     ] PERSONAL SERVICE--
             By causing delivery by hand to the addressee addressed as follows:
22
     [     ] FEDERAL EXPRESS--
23           By causing delivery by Federal Express of the document(s) listed above to the person(s) at
             the address(es) set forth below:
24
          I declare under penalty of perjury under the laws of the State of California that the foregoing
25   is true and correct.  Executed on June 29, 2012, at Sacramento, California.

26

27   _____
                                    Leah Miller
28

1

1

**SERVICE LIST**

2

3

4

5

6

7

| Joseph C. George<br>Joseph C. George, Jr.<br>The Law Offices of Joseph C. George, PH.D<br>A Professional Corporation<br>601 University Avenue, Suite 200<br>Sacramento, CA 95825<br>Tel: 916-641-7300<br>Fax: 916-641-7303<br>*Attorneys for Plaintiffs* | Stewart Katz<br>Law Office of Stewart Katz<br>555 University Avenue, Suite 270<br>Sacramento, CA 95825<br>Tel: 916-444-5678<br>Fax: 916-444-3364<br>*Attorneys for Plaintiffs* |
| --- | --- |

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28