**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar No. 127425
555 University Avenue, Suite 270
Sacramento, CA  95825
Telephone: 916.444.5678
Facsimile: 916.444.3364

**LAW OFFICE OF JOSEPH C. GEORGE, PH.D.**
Joseph C. George, State Bar No. 119231
Joseph C. George, Jr., State Bar No. 200999
601 University Avenue, Suite 200
Sacramento, California  95825
Telephone: 916.641.7300
Facsimile: 916.641.7303

Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLY MANNING, KENYATA MANNING, and NATASHA MANNING,<br><br>             Plaintiffs,<br><br>v.<br><br>MIKE CROSBY, RACHEL LANE, MARY STRUHS, NATASHA JOHNSON, STEPHANIE WHITNEY-COOK, PAULINE TRACEY, LYNN TRACY, MSW, SACRAMENTO CITY UNIFIED SCHOOL DISTRICT, DEPARTMENT OF HEALTH AND HUMAN SERVICES, CHILD PROTECTIVE SERVICES, SACRAMENTO COUNTY and DOES 5 through 25, inclusive,<br><br>             Defendants.<br>_____ / | NO.  2:12-CV-01784-TLN-KJN<br><br>**STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER** |

     Pursuant to the Federal Rules of Civil Procedure, and it appearing that discovery in this action will involve the disclosure of confidential information, it is hereby stipulated by and between the parties and their attorneys and ordered that the following Protective Order be entered to give effect to the terms and conditions set forth below:

Stipulation for Protective Order; [Proposed] Order                                                                                          1

1. "Designating Party" means any party producing Documents or information under this Protective Order.

2. "Document" or "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure, Rule 1001 of the Federal rules of Evidence and relevant case law.

3. "CONFIDENTIAL" designates information that a Designating Party reasonably believes to be confidential due to safety, security or privacy reasons, that is readily available to the public, that has not been published/made public and the disclosure of said documents would have the effect of causing harm.

4. "Confidential Information" includes material which has been designated as CONFIDENTIAL and which encompasses Documents produced during discovery, answers to interrogatories, responses to requests for admissions, depositions, hearing or trial transcripts, and tangible things, the information contained therein, and all copies, abstracts, excerpts, analyses or other writings that contain, reflect or disclose such information.

5. The documents eligible for protection under this order include:

   a. Sacramento Sheriff's Department Report # 07-0060649SD, as well as any other Sacramento Sheriff's Department Report which contains reference as being either linked or related to the above referenced report.

   b. Documents contained within the Sacramento County Superior Court File of "In The Matter of the Adoption Petition of Natasha Manning" (DOB: ████████)

   c. Documents contained within the Sacramento County Superior Court File of "In The Matter Of the Adoption Petition of Lilly Manning" (DOB: ████████)

   d. Documents contained within the Sacramento County Superior Court File of "In The Matter Of the Adoption Petition of Kenyata Manning" (DOB ████████)

    e. Juvenile Records contained within Sacramento Superior Court Juvenile File Number 226589-90, SP01209.

  6. By designating documents as "confidential" under the terms of this Order, the Designating Party is certifying to the Court that there is a good faith basis in both law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26 (g).

  7. The Designating Party producing "confidential" information shall identify the information by bates stamping copies of the document with the word "CONFIDENTIAL." The Designating Party may also watermark and/or affix legends to such documents using the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

  8. Documents designated "confidential" under this Order (hereinafter, "Confidential Material"), the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action and for no other purpose.

  9. Confidential Material produced pursuant to this Order may be disclosed or made available only to counsel for a party.  Confidential Material may be provided to any expert retained for consultation and/or trial.  In the event that Confidential Material is given to an expert, counsel that retained the expert shall provide a copy of this Order to the expert and require and receive an executed acknowledgment of the Order by the expert prior to providing the records to any retained expert.

  10. The Confidential Material produced pursuant to his Order will be redacted with respect to (i) social security numbers; (ii) dates of birth; (iii) financial information (including account numbers); and (iv) in all circumstances when federal law requires redaction.  Each redaction must be identified by showing what information has been redacted (e.g. "social security number," etc.).  This provision complies with Eastern District Local Rule 140.

11. The parties acknowledge and wish to inform the Court that the documents within the prevue of this proposed Protective Order are in whole or in part subject to a Protective Order(s) issued by the Sacramento Superior Court. Further that the parties have assented to the Sacramento Superior Court's determination that the materials specified in paragraph 5b., 5c., 5d. and 5e., are Confidential as described herein.  The parties represent to this Court that they believe this order is consistent with the intent and spirit of those Protective Orders with the exception that the state court Protective Order requires that the materials be filed under seal.  The parties agree that should any party desire to file any designated Confidential material or information in a document with the Court that they shall seek that it be sealed in compliance with the requirements of Eastern District local Rule 141.

12. The Court's approval of this Protective Order shall not be viewed as an attempt to have the Court pre-rule on the appropriateness regarding the sealing of any document or documents nor is this proposed Protective Order a request for a blanket ruling permitting that documents in this case be filed under seal or in any way to sidestep the requirements contained in the local rules and Federal Rules of Civil Procedure.

13. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action.  In the event that any Confidential Material is used in any deposition or other proceeding in this action it shall not lose its confidential status through such use.  If any Confidential Material is used in a deposition then arrangements shall made with the court reporter to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" and to label such portions appropriately.

14. This order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order,

shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

15. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

16. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and without prejudice to their rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

17. Counsel for the parties shall destroy all Confidential Material in their possession, custody, or control within 180 days of final termination of this action which shall be deemed to occur only when final judgment has been entered and all appeals have been exhausted.

Dated: November 5, 2013					LAW OFFICE OF STEWART KATZ

								/s/ Stewart Katz
								STEWART KATZ
								Attorney for Plaintiffs

Dated: November 5, 2013					LAW OFFICE OF JOSEPH C. GEORGE, PH.D.

								/s/ Joseph C. George
								JOSEPH C. GEORGE
								Attorney for Plaintiffs

| | |
|---|---|
| Dated: November 5, 2013 | SPINELLI, DONALD & NOTT |
| | /s/ Amanda S. Uhrhammer<br>AMANDA S. UHRHAMMER<br>Attorneys for Mike Crosby, Rachel Lane, Mary Struhs, Natasha Johnson, Stephanie Whitney-Cook, Pauline Tracey, Sacramento City Unified School District |
| Dated: November 5, 2013 | LONGYEAR, O'DEA AND LAVRA, LLP |
| | /s/ Amanda L. McDermott<br>AMANDA L. McDERMOTT<br>Attorney for County of Sacramento and Lynn Tracy, MSW |

**ORDER**

Having read and considered the foregoing stipulation for a Protective Order, and good cause appearing therefore,

IT IS HEREBY ORDERED that this stipulation for a protective order will be enforced as an order of this court.  This Stipulated Protective Order shall remain in full force and effect such that it may be enforced as a contract between the parties after the termination of this case, but the court will not retain jurisdiction after the termination of this case.

**Dated:  November 7, 2013**

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE