UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLY MANNING, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>MIKE CROSBY, et al.,<br><br>            Defendants. | No.  2:12-cv-01784-TLN-DAD<br><br>**AMENDED** PRETRIAL SCHEDULING ORDER |

In light of the parties' Stipulation and Request to Modify the Scheduling Order, the Court amends the Pretrial Scheduling Order.

   I.   SERVICE OF PROCESS

   All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

   II.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

   No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

   III. JURISDICTION/VENUE

   Jurisdiction is predicated upon  28 U.S.C. sections 1331, 1343 and 1367.  Jurisdiction and venue are not contested.

IV. DISCOVERY

All discovery, with the exception of expert discovery, shall be completed by **March 2, 2015**. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

Any request to deviate from the Federal Rules of Civil Procedure should be made to the assigned Magistrate Judge.

V. DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **May 1, 2015**.[1] The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

Within twenty (20) days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party.

///

///

---

[1] The discovery of experts will include whether any motions based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and/or Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167 (1999) are anticipated.

The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert witness disclosure by this Pretrial Scheduling Order.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this Pretrial Scheduling Order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

Each party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.

///

Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

Counsel are instructed to complete all discovery of expert witnesses in a timely manner in order to comply with the Court's deadline for filing dispositive motions.

VI.   MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **September 10, 2015.**

All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 230 governs the calendaring and procedures of civil motions with the following additions:

(a) The opposition and reply must be filed by 4:00 p.m. on the day due; and

(b) When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday.

Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may

dispose of the motion summarily. Further, failure to timely oppose a summary judgment motion[2] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

The parties are reminded that a motion <u>in limine</u> is a pretrial procedural device designed to address the admissibility of evidence.  The Court will look with disfavor upon dispositional motions presented in the guise of motions <u>in limine</u>.

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

///

///

---

[2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

VII. <u>FINAL PRETRIAL CONFERENCE</u>

The Final Pretrial Conference is set for **January 14, 2016, at 2:00 p.m.** At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference. If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

The parties shall file, not later than **January 7, 2016**, a Joint Final Pretrial Conference Statement. The provisions of Local Rules 281 shall apply with respect to the matters to be included in the Joint Final Pretrial Conference Statement. In addition to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution. Failure to comply with Local Rule 281, as modified by this Pretrial Scheduling Order, may be grounds for sanctions.

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word, the Joint Final Pretrial Conference Statement in its entirety including the
///

6

witness and exhibit lists.  **These documents shall be sent to: tlnorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims.  The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner.  Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party.  Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument or authorities with any point of law.

The parties shall prepare a joint statement of the case in plain concise language which will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide

7

a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists. These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for plaintiff and blue for defendant. In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc. After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial. All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses. In the event that Plaintiff and Defendant offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first</u> <u>identified</u>. The Court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied. On the other hand, the

listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the Court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must cooperatively prepare the Joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind. A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

VIII. <u>TRIAL BRIEFS</u>

The parties shall file trial briefs not later than fourteen (14) days before trial. Counsel are directed to Local Rule 285 regarding the content of trial briefs.

IX.  <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>

It is the Court's practice to hear motions in limine on the first day of trial. However, depending on the number and nature of the parties' motions, the need to special set a hearing date to hear such motions shall be addressed at the Final Pretrial Conference.

///
///
///

1       X.    TRIAL SETTING

2     The trial is set for **March 14, 2016,** at **9:00 a.m.**  Trial
3 will be by jury.  The panel will consist of eight (8) jurors.
4 The parties estimate a trial length of **sixteen (16) days**.

5       XI.   SETTLEMENT CONFERENCE

6     At the Final Pretrial Conference, the Court may set a
7 settlement conference if the parties so request.  In the event no
8 settlement conference is requested, the parties are free to
9 continue to mediate or attempt to settle the case with the
10 understanding that the trial date is a firm date.

11     In the event a settlement conference is set by the Court,
12 counsel are instructed to have a principal with full settlement
13 authority present at the Settlement Conference or to be fully
14 authorized to settle the matter on any terms.  At least seven (7)
15 calendar days before the settlement conference, counsel for each
16 party shall submit to the chambers of the settlement judge a
17 confidential Settlement Conference Statement.  Such statements
18 are neither to be filed with the Clerk nor served on opposing
19 counsel.  Each party, however, shall serve notice on all other
20 parties that the statement has been submitted.  If the settlement
21 judge is not the trial judge, the Settlement Conference Statement
22 shall not be disclosed to the trial judge.

23     Notwithstanding the foregoing, the parties may request a
24 settlement conference prior to the Final Pretrial Conference if
25 they feel it would lead to the possible resolution of the case.
26 In the event an early settlement conference date is requested,
27 the parties shall file said request jointly, in writing.  The
28 request must state whether the parties waive disqualification,

pursuant to Local Rule 270(b), before a settlement judge can be assigned to the case. Absent the parties' affirmatively requesting that the assigned Judge or Magistrate Judge participate in the settlement conference AND waiver, pursuant to Local Rule 270(b), a settlement judge will be randomly assigned to the case.

### XII. VOLUNTARY DISPUTE RESOLUTION PROGRAM

Pursuant to Local Rule 271, parties may stipulate at any stage in the proceedings to refer the action, in whole or in part, to the Voluntary Dispute Resolution Program.

### XIII. MODIFICATION OF PRETRIAL SCHEDULING ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause.** Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

### XIV. OBJECTIONS TO PRETRIAL SCHEDULING ORDER

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within fourteen (14) days of service of this Order.

IT IS SO ORDERED.

Dated: January 9, 2014

Troy L. Nunley
United States District Judge

11